## Atelier Condominium Homeowners' Assn. v Board of Mgrs. of Atelier Condominium

2024 NY Slip Op 30547(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 152371/2021

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. VERNA L. SAUNDERS, JSC**          PART     36

*Justice*

-------------------------------------------------------------------------------X

THE ATELIER CONDOMINIUM HOMEOWNERS'
ASSOCIATION, ALAN PING SANG CHAN, AMELIA
QIXONG LI, GREGORY STARIKOVSKY, and ROSS
JENNIFER CHAN,

<table>
<tr><td></td><td>INDEX NO.</td><td>152371/2021</td></tr>
<tr><td>Plaintiffs,</td><td>MOTION SEQ. NO.</td><td>007, 008</td></tr>
</table>

- v -

THE BOARD OF MANAGERS OF ATELIER CONDOMINIUM,
DANIEL NEIDITCH, ROMAN GAMBOURG, TAJ KHAN,
JOSHUA BARKHORDAR, ANTHONY PERKINS, ANDREW
IMPAGLIAZZO, SABRINA MEHMEDOVIC, JASON
CASTANO, JOHN DOE, JANE DOE, RIVER 2 RIVER
REALTY, INC., WHITE GLOVE CORPORATE CLEANING,
INC., YIN AND YANG CONSTRUCTION INC., XYZ CORPS #
1-10, and ATELIER CONDO BUILDING INC.,
Defendants.

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 87, 88, 89, 90, 91, 92, 93, 94, 105, 109, 112, 114

were read on this motion to/for          **DISMISS**          .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 108, 110, 111, 113, 115, 127

were read on this motion to/for          **DISMISS**          .

In this residential real estate action, two sets of defendants move to dismiss the plaintiffs' third amended complaint (Mot. Seq. Nos. 007 & 008).

The property that is the subject of this action is a luxury residential condominium apartment building called "The Atelier," which is located at 635 West 42nd Street in New York County ("condominium") (NYSCEF Doc. No. 85, ¶ 19, *third amended complaint*.) Plaintiffs are comprised of The Atelier Condominium Homeowners Association ("Atelier HA") and four of the HA's members. (*Id.*, ¶¶ 15-23). Specifically, Alan Ping Sang Chan and Amelia Qixong Li are the record owners of condominium unit 42G, and Gregory Starikovsky and Ross Jennifer Chan are residents of unit 42G. (*Id.*). Plaintiffs essentially allege that the defendants are permitting and participating in an illegal scheme to profit from short-term "AirB&B" style vacation rentals of various of the building's apartment units. Two groups of defendants dispute this allegation and have moved to dismiss the complaint.

The first group of moving defendants is comprised of River 2 River Realty, Inc. ("R2R"), White Glove Corporate Cleaning, Inc. ("WGC"), Yin and Yang Construction Inc. ("Y&Y") and

**152371/2021   ATELIER CONDOMINIUM vs. BOARD OF MANAGERS OF**
Motion No.  007 008

**Page 1 of 6**

[* 1]

Atelier Condo Building, Inc. ("Atelier Building") (NYSCEF Doc. No. 85, ¶¶ 24-44). In their motion, they refer to themselves as the "Entity defendants." (*Id.*).

The second group of moving defendants is comprised of the Board of Managers of Atelier Condominium ("Atelier Board"), its president, Daniel Neiditch ("Neiditch"), board members Taj Khan ("Khan"), Joshua Barkhordar ("Barkhordar"), Anthony Perkins ("Perkins"), and Andrew Impagliazzo ("Impagliazzo"), and alleged unit owner Jason Castano ("Castano") (NYSCEF Doc. No. 85, ¶¶ 69-78). In their motion, they refer to themselves as the "Board defendants." (*Id.*). On September 23, 2022, counsel executed a stipulation which added board member Roman Gambourg ("Gambourg") and the Atelier Board's general manager Sabrina Mehmedovic ("Mehmedovic") as "Board defendants" on Mot. Seq. No. 008 (NYSCEF Doc. No. 127).

Plaintiffs initially commenced this action on April 2, 2021, while the court's operations were curtailed because of the COVID-19 global pandemic (NYSCEF Doc. Nos. 1-9, *original complaint, affidavits of service*). Defendants did not answer, but instead filed several pre-trial motions which were disposed of in earlier decisions.

Both sets of defendants submitted motions to strike (without opposition) which the court granted in a decision dated September 30, 2021 (Mot. Seq. Nos. 001 & 002) (NYSCEF Doc Nos. 78; 79). The relevant portion of that decision contained the following directive to plaintiffs:

"This court also agrees with movants that the complaints - both the original and amended complaint - fail to meet the requirement set forth in CPLR 3014, requiring that separate causes of action be separately stated and numbered. As such, plaintiffs are hereby, pursuant to CPLR 3024 (a) directed to number and restate each of their causes of action. Additionally, plaintiffs are directed to provide a more definite statement of the allegations asserted against each defendant because it is unclear from the pleadings what specific claims are being asserted against each of the named defendants. Plaintiffs also refer to several individuals who are not included in the caption of this litigation as 'defendant' (i.e., Chen, Borsen, Likovic); thus, any such reference shall be removed from the pleadings." (*Id.*).

Defendants Atelier Condominium and Khan voluntarily withdrew their respective motions for a more definite statement and for dismissal via notices that they subsequently served on plaintiffs (Mot. Seq. Nos. 003 & 006) (NYSCEF Doc. Nos. 117; 118). The court so-ordered those notices in a decision dated March 28, 2022. (*Id.*).

Defendants Mehmedovic and Gambourg also submitted dismissal motions that were denied as moot in a decision dated July 5, 2022 (Mot. Seq. Nos. 004 & 005). (NYSCEF Doc. Nos. 119-122). That decision instead granted plaintiffs' cross-motions for extensions of time to respond and for leave to serve a late amended complaint. (*Id*).

As mentioned above, the court's decision of September 30, 2021, found that the proposed amended complaint that plaintiffs submitted in lieu of opposition to defendants' motions to strike contained pleading deficiencies (NYSCEF Doc. Nos. 78; 79). The second amended complaint that plaintiffs subsequently prepared also included pleading deficiencies; however, the parties

**152371/2021  ATELIER CONDOMINIUM vs. BOARD OF MANAGERS OF**                              **Page 2 of 6**
**Motion No.  007 008**

2 of 6

executed a stipulation on November 30, 2021, that permitted plaintiffs to serve and file a third amended complaint, if necessary. (NYSCEF Doc. No. 84). That third amended complaint, dated December 8, 2021, sets forth causes of action for: 1) a temporary restraining order ("TRO") as against the Board defendants; 2) alleged violations of federal "Civil RICO" statutes (i.e., 18 USC §§ 1341, 1343, and 1961[1] & [5]) and New York Penal Code, Article 460, *et seq.*; 3) a permanent injunction (nuisance); 4) a declaratory judgment for fees and costs as against the Board defendants; 5) negligence as against the Board defendants; 6) fraud; 7) "reversal of unauthorized/fraudulent penalties" as against the Board defendants; 8) an accounting as against the Board defendants; 9) a permanent injunction as against the Board defendants (access to books and records); 10) unjust enrichment; 11) imposition of a constructive trust; 12) a permanent injunction shutting down defendants' illegal hotel operation; 13) a declaratory judgment that defendants' are conducting an illegal hotel operation; 14) breach of fiduciary duty as against the Board defendants; 15) a permanent injunction as against the Board defendants; 16) piercing the corporate veil as against Neiditch and the Entity defendants; 17) violations of General Business Law § 349(a) as against the Board defendants and R2R; 18) defamation as against the Board defendants; and 19) a permanent injunction as against the Board defendants (retaliation and harassment) (NYSCEF Doc. No. 85, *third amended complaint*).

As was also mentioned above, neither the Entity defendants nor the Board defendants submitted answers to the third amended complaint, but instead filed their respective dismissal motions on January 10 and January 12, 2022 (NYSCEF Doc. Nos. 97-105, *Mot. Seq. Nos. 007 & 008*). With the subsequent filing of the parties' opposition and reply papers, those motions are now fully submitted. (NYSCEF Doc. Nos. 111-114.)

As noted, the instant motions both seek orders pursuant to CPLR 3211(a)(7) to dismiss the nineteen (19) causes of action in the third amended complaint as legally deficient. The Appellate Division, First Department, articulated the rule for judicial review under CPLR 3211 as follows:

> "On a CPLR 3211(a)(7) motion to dismiss for failure to state a cause of action, 'the complaint must be construed in the light most favorable to the plaintiff and all factual allegations must be accepted as true' (*Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A.*, 159 AD3d 618, 621–622 [1st Dept 2018]). Further, a motion court must only determine 'whether the facts as alleged fit within any cognizable legal theory' (*Leon v Martinez*, 84 NY2d 83, 87–88 [1994]). 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Johnson v Proskauer Rose LLP*, 129 AD3d 59, 67 [1st Dept. 2015])." (*Feldman v Port Auth. of N.Y. & N.J.*, 194 AD3d 137, 139-140 (1st Dept 2021).

However, before defendants discuss their respective challenges to plaintiffs' individual causes of action, each of their motions raise two arguments as to why the complaint in its entirety should be dismissed. First, they assert that "plaintiffs fail[ed] to distinguish between individual and derivative claims." (NYSCEF Doc. No. 94 at 3, *entity defendants' mem of law*); NYSCEF Doc. No. 99 at 2-5, *board defendants' mem of law*). Plaintiffs deny this and respond that the fact that the complaint "includes claims in both an individual and derivative capacity is of no

**152371/2021 ATELIER CONDOMINIUM vs. BOARD OF MANAGERS OF**
**Motion No. 007 008**

Page 3 of 6

3 of 6

moment," because it "articulates separate causes of action for individual and derivative harms alleged against the [d]efendants," and thereafter contend that "this Court is more than capable of discerning which causes of action are which." (NYSCEF Doc. No. 111 at 2-3; NYSCEF Doc. No. 112 at 2-3, *plaintiffs' mems of law in opposition*). Defendants reply that the text of the third amended complaint belies plaintiffs' assertion that they adequately pleaded distinct, separate derivative and individual claims, and concludes that "[c]ounsel cannot offload its burden in opposition onto this Court." (NYSCEF Doc. No. 113 at 4-5, *Entity defendants' reply mem*; NYSCEF Doc. No. 114 at 2-4, *Board defendants' reply mem*). After carefully reviewing both the governing law and text of the third amended complaint, the court finds for defendants.

The First Department has long observed the rule that "[t]he intermingling of direct and derivative claims into single causes of action warrants dismissal of the complaint without prejudice." (*Billig v Schwartz*, 190 AD3d 547, 548 [1st Dept 2021], citing *Barbour v Knecht*, 296 AD2d 218, 228 [1st Dept 2002]; see *Abrams v Donati*, 66 NY2d 951, 953 [1985]; *Hettinga v Nahoum*, 193 AD3d 449, 449 [1st Dept 2021].) The First Department has also articulated the following criteria for distinguishing between the two types of claims:

> "Under New York law, a shareholder lacks standing to pursue a direct cause of action to redress wrongs suffered by the corporation (see *Abrams v Donati*, 66 NY2d 951, 953 (1985). Rather, such claims must be asserted as derivative claims, for the benefit of the corporation (*see id.*). In determining whether a claim is derivative or direct, a court should consider '(1) who suffered the alleged harm (the corporation or the suing stockholders, individually) and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually).'" (*Sajust, LLC v Mendelow*, 198 AD3d 582, 582 [1st Dept 2021], quoting *Yudell v Gilbert*, 99 AD3d 108, 114 [1st Dept 2012].)

Here, the text of the third amended complaint plainly fails to differentiate between plaintiffs' derivative and direct claims. For example, the second, fifth, sixth, fourteenth, and seventeenth causes of action allege that the Board defendants committed various statutory violations, breaches of common-law duties, torts and/or acts of fraud which resulted in harm to the corporation that owns the building. However, those causes of action also request money damages to be paid to the individual plaintiffs. (NYSCEF Doc. No. 85, ¶¶ 279-300; 341-351; 352-367; 408-415; 433-436). A claim asserted on behalf of a corporation is derivative; a claim for monetary compensation is direct. The tenth cause of action requests that plaintiffs recover money judgments from *all* defendants to compensate for the board's alleged malfeasances under an equitable theory of relief (i.e., unjust enrichment). (*Id.*, ¶¶ 387-392). This arguably also states both derivative and direct claims. The sixteenth cause of action confuses the legal relationships between the parties herein by referring to the corporate defendants (i.e., R2R, WGC, Y&Y, and Atelier Building, who call themselves the "Entity defendants") as the "individual defendants," and to the claims that they assert against those defendants as "individual claims." *Id.*, ¶¶ 421-432. It thus appears that over a third of plaintiffs' causes of action are improperly pleaded.

New York law recognizes that direct (individual) claims may be "embedded" in derivative claims when they "arise from the same facts." (see *Calderoni v 260 Park Ave. S.*

**152371/2021 ATELIER CONDOMINIUM vs. BOARD OF MANAGERS OF**
**Motion No. 007 008**

Page 4 of 6

[* 4]

*Condominium*, 220 AD3d 563, 563 [1st Dept 2023]; *Bradbury v Israel*, 204 AD3d 563, 565 [1st Dept 2022].) However, the law does *not* place the burden on the court to parse out the nature of those claims in the first instance. As noted *supra*, the law provides that a complaint which improperly intermingles direct and derivative claims should be dismissed, albeit without prejudice. (See e.g., *Billig v Schwartz*, 190 AD3d at 548; *Hettinga v Nahoum*, 193 AD3d at 449; *Barbour v Knecht*, 296 AD2d at 228). Accordingly, the court hereby awards that relief, and grants, without prejudice, so much of the Entity defendants' and Board defendants' respective motions as seeks dismissal of the third amended complaint for improperly pleading intermingled derivative and direct claims. The court's patience on the issue of pleadings is not limitless, however. Plaintiffs have, thus far, submitted three amended versions of their original complaint, all of which contained substantial pleading deficiencies. The court first noted this in its September 30, 2021, decision. (NYSCEF Doc. Nos. 78; 79). Plaintiffs are now on notice that, should they submit yet another legally deficient complaint, the court will entertain motions to dismiss that complaint, with prejudice and/or for the imposition of sanctions.

Defendants' second preliminary argument is that any derivative claims that plaintiffs seek to assert on behalf of children and/or apartment occupants should be dismissed for lack of standing. (NYSCEF Doc. No. 94 at 3-4, *Entity defendants' mem of law*; NYSCEF Doc. No. 99 at 5-6, *Board defendants' mem of law*). The First Department has held that non-shareholder tenants of condominium or cooperative apartments lack standing to assert derivative claims against the governing boards of condominium or cooperative apartment buildings. (*Balk v 125 W. 92nd St. Corp.*, 24 AD3d 193, 194 [1st Dept 2005].) The third amended complaint identifies plaintiffs Gregory Starikovsky and Ross Jennifer Chan as the current tenant/occupants of unit 42G in the building, but *not* as its record owners. (NYSCEF Doc. No. 85, ¶¶ 22-23, *third amended complaint*). Defendants note that plaintiffs failed to submit any opposition to the standing argument and thus appear to have conceded the point. (NYSCEF Doc. No. 113 at 3-4, *Entity defendants' reply mem*; NYSCEF Doc. No. 114 at 9-10, *Board defendants' reply mem*). The court agrees and the third amended complaint insofar as seeks to assert derivative claims on behalf of Gregory Starikovsky and Ross Jennifer Chan is dismissed *with* prejudice and *without* leave to renew. Accordingly, for the foregoing reasons it is hereby

**ORDERED** that the motion, pursuant to CPLR 3211, of defendants River 2 River Realty, Inc., White Glove Corporate Cleaning, Inc., Yin and Yang Construction Inc., and Atelier Condo Building Inc. (Mot. Seq. 007) is granted and plaintiffs' third amended complaint is dismissed, without prejudice as against those defendants, and with prejudice as regards any derivative claims asserted therein on behalf of plaintiffs Gregory Starikovsky and Ross Jennifer Chan; and it is further

**ORDERED** that the motion, pursuant to CPLR 3211, of defendants the Board of Managers of Atelier Condominium, Daniel Neiditch, Taj Khan, Joshua Barkhordar, Anthony Perkins, Andrew Impagliazzo, Jason Castano, Roman Gambourg, and Sabrina Mehmedovic (Mot. Seq. 008) is granted and plaintiffs' third amended complaint is dismissed, without prejudice as against those defendants, and with prejudice as regards any derivative claims asserted therein on behalf of plaintiffs Gregory Starikovsky and Ross Jennifer Chan; and it is further

**152371/2021  ATELIER CONDOMINIUM vs. BOARD OF MANAGERS OF**
**Motion No.  007 008**

Page 5 of 6

5 of 6

**ORDERED** that plaintiffs are granted leave to serve and file a fourth amended complaint within twenty (20) days after service on defendants' attorneys of a copy of this order with notice of entry; and it is further

**ORDERED** that, in the event that plaintiffs fail to serve and file said amended complaint in conformity herewith within such time, leave to replead shall be deemed denied, and the Clerk of the Court, upon service upon him/her (60 Centre Street, Room 141B) of a copy of this order with notice of entry and an affirmation/affidavit by defendant's counsel attesting to such noncompliance, is directed to enter judgment dismissing the action, with prejudice, and with costs and disbursements to the defendants as taxed by the Clerk; and it is further

**ORDERED** that such service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

| February 20, 2024 | | |
|---|---|---|
| | | HON. VERNA L. SAUNDERS, JSC |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**152371/2021   ATELIER CONDOMINIUM vs. BOARD OF MANAGERS OF**
**Motion No.  007 008**

Page 6 of 6

[* 6]